UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 03-0070 VRW (MEJ) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DETENTION RE:** |
| v. | ) | **DEFENDANT ROLAND HOWARD** |
| | ) | |
| ROLAND HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant Roland Howard came before this Court on February 25 and 26, 2010 for a detention hearing. The defendant was present and represented by Rita Bosworth of the Federal Public Defender's Office. Assistant United States Attorneys Christine Wong and Cynthia M. Frey represented the United States.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. Pursuant to the Federal Rule of Criminal Procedure 32.1(a)(6), the burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

Upon consideration of the court file and the party proffers as discussed below, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Roland Howard was previously convicted of a violation of 18 U.S.C. § 922(g), felon in possession fo a firearm, and was sentenced to 84 months imprisonment and three years of supervised release on September 2, 2003. He was released to supervision on February 3, 2009. He is before this Court pursuant to a supervised release violation. Based upon the Petition for Arrest Warrant for Offender Under Supervision, the District Court ordered the issuance of a no bail arrest warrant on February 23, 2010. On February 26, 2010, an Amended Petition for Arrest Warrant for Offender Under Supervision was filed. The violations enumerated include violations for failing to provide truthful and complete reports to the probation officer as required and violations pertaining to the defendant's possession of marijuana. Possession of a controlled substance in violation of a standard condition of supervised release requires a mandatory revocation of the term of supervised release and the imposition of a term of imprisonment not to exceed the maximum term of imprisonment authorized by statute, which is two years in this case. 18 U.S.C. § 3583(g).

After hearing the proffers of both parties, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of the

defendant as required. In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance:

1. The defendant has five prior felony convictions (including the instant conviction) and a total of ten adult convictions;
2. The defendant has violated previous grants of parole at least eight (8) times between 1996 and 2001;
3. The defendant has two misdemeanor convictions for failure to appear between 2001 and 2002;
4. The defendant fled from police officers during the instant offense and on previous occasions. On one previous occasion, the defendant fled police officers at high speeds. Police officers abandoned the chase due to safety considerations. However, the defendant ran into a pedestrian and was later convicted of vehicular manslaughter with gross negligence. On another occasion, the defendant's flight resulted in a misdemeanor conviction for obstructing/resisting a public officer;
5. The defendant was on probation at the time he committed the instant offense resulting in his conviction for felon in possession of a firearm; and
6. The instant supervised release violation includes a violation that requires the mandatory revocation of supervised release and the imposition of a term of imprisonment.

These factors, among others adduced at the hearing, demonstrate by a preponderance of the evidence that no combination of conditions would assure the appearance of the defendant as required if he were released.

Further, the Court finds by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community. In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure

the community's safety:

1.  The defendant has five prior felony convictions (including the instant conviction) and a total of ten adult convictions between 1992 and 2003. Of those felony convictions, two were for felon in possession of a firearm, two were for cocaine sales, and one was for vehicular manslaughter with gross negligence;

2.  The defendant has violated previous grants of parole at least eight (8) times; and

3.  The defendant was on probation at the time he committed the instant offense resulting in his conviction for felon in possession of a firearm;

4.  The defendant was on supervised release at the time of the instant violation, which includes violations for being in the possession of a controlled substance.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released, the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: March 3, 2010

_____
MARIA-ELENA JAMES
United States Magistrate Judge